UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MELCHISDECH J. GREEN**<br>REG. # 12581-035 | : | **DOCKET NO. 19-cv-0008**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **BRUCE E. BLACKMON** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Melchidsech J. Green, who is an inmate in the custody of the Federal Bureau of Prisons and, according to BOP records, is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

In 2006 Green was convicted in this court of one count of possessing a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A), and one count of being a convicted felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). *United States v. Green*, No. 2:04-cr-20152, doc. 44 (W.D. La. Jun. 12, 2006). He was then sentenced to 60 months on the first count and 180 months on the second count, with the two terms running consecutively. *Id.* at doc. 44. In 2010 he sought relief through a motion to vacate filed in this court under 28 U.S.C. § 2255, which the court denied as untimely. *Id.* at docs. 53, 54. He also filed a motion to reduce sentence in 2017, which the court denied. *Id.* at docs. 69, 70, 73.

Green initiated this action through a pro se § 2241 petition filed in 2016 in the United States District Court for the Southern District of Mississippi, then his district of incarceration. Doc. 1. He argued that his sentence was invalidated by the Supreme Court's decision in *Johnson v. United*

*States*, 135 S.Ct. 2551 (2015), which invalidated convictions under the residual clause of 18 U.S.C. § 924(e), a statute providing enhanced penalties for firearms convictions based on the offender's criminal history, because of that statute's unconstitutionally vague definition of violent felonies. *Id.* He also raised other constitutional challenges to his conviction. *Id.* The court appointed the Office of the Federal Public Defender to represent Green. Green's appointed counsel then moved to transfer the matter to this district, arguing that the petition is properly construed as a § 2255 motion and should therefore be heard in the district where Green was convicted and sentenced. Doc. 8.

The respondent in that matter noted that Green was not convicted under § 924(e) but was sentenced under a similarly-worded provision of the United States Sentencing Guidelines. Doc. 11. He also observed that the Supreme Court was currently considering *Johnson*'s applicability to the Sentencing Guidelines and moved for a stay of the case pending the Court's decision. *Id.* The Southern District of Mississippi granted the motion. Doc. 13. It then lifted the stay after the release of *Beckles v. United States*, 137 S.Ct. 886 (2017), which held that the advisory guidelines were not subject to vagueness challenges under the Due Process Clause. Docs. 13, 15. The court determined on January 3, 2019, that the petitioner could not satisfy § 2255's savings clause, in order to seek relief under § 2241 in that court. Doc. 20; *see, e.g.*, *Padilla v. United States*, 416 F.3d 424, 425–26 (5th Cir. 2005) (describing savings clause requirements). Accordingly, it ordered that the matter be transferred to this district. Doc. 20.

The transferred petition was opened as a new § 2241 case in this court. As the Southern District of Mississippi observed, however, and Green does not dispute, Green's claims do not satisfy the savings clause. Even though Green is now incarcerated in this district, we are without jurisdiction to consider his claims under § 2241. The petition is properly construed as a § 2255

-3-

motion and should be reviewed in his criminal case, No. 2:04-cr-20152. This court also lacks jurisdiction to consider Green's claims as a successive § 2255 motion unless he first obtains authorization from the Fifth Circuit. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Accordingly, it is recommended that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Green should seek authorization from the Fifth Circuit to proceed with these claims under § 2255. If such authorization is received, he should then file his petition as a § 2255 motion in his criminal case.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 6th day of March, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE